CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 03 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SYLVESTER LEE PANNELL,               )
          Petitioner,                )      Civil Action No. 7:06cv00600
                                     )
v.                                   )      MEMORANDUM OPINION
                                     )
COMMONWEALTH OF VIRGINIA,            )      By: Samuel G. Wilson
          Respondent.                )      United States District Judge

Petitioner, Sylvester Lee Pannell, filed this 28 U.S.C. § 2254 petition challenging the

lawfulness of his confinement, claiming that the trial court judge gave two constitutionally deficient

instructions that affected jury deliberations and that he was denied effective assistance of counsel

because his attorney did not object to the two instructions, seek curative instructions, or raise them

on appeal. This matter is before the court on respondent's motion to dismiss. The court finds that

Pannell's claims of unconstitutional instructions to the jury are procedurally defaulted and that his

claims of ineffective assistance of counsel were adjudicated in state court in a manner consistent with

clearly established federal law. Accordingly, the court grants respondent's motion to dismiss.

I.

On February 25, 2004, a jury in the Circuit Court of Pittsylvania County found Pannell guilty

of two counts of aggravated sexual battery and sentenced him to a total of 22 years in prison.

Pannell appealed his convictions to the Court of Appeals of Virginia, challenging the sufficiency of

the evidence. The Court of Appeals denied his appeal, finding that the jury could have concluded

beyond a reasonable doubt that Pannell committed the offenses. Pannell appealed to the Supreme

Court of Virginia which refused his petition.

Pannell then filed a habeas corpus petition in the Supreme Court of Virginia, claiming that

the trial court judge gave two constitutionally deficient instructions that affected jury deliberations

and that he was denied effective assistance because his attorney did not object to those instructions or request curative instructions and did not raise the issues on appeal. Pannell's challenge to the instructions isolates the two following statements the court made in the context of the overall challenge to the jury: "Then you will deliberate and arrive at a verdict," and "This is not going to be, this case will be finished today, so it's not going to be that long of a trial, but if you want to take notes it's perfectly okay." Pannell claims that the first was improper because the "jury probably interpreted [the] instruction as mandatory against petitioner [and] the instruction omitted the jury's right to exercise its right to reasonable deliberation." Pannell claims the second was improper because it "unfairly denied the jury its freedom to deliberate patiently without any kind of pressures or interference afforded to the jury by law." The Supreme Court of Virginia dismissed Pannell's habeas petition finding that Pannell procedurally defaulted his challenge to the court's instructions and that his ineffective assistance of counsel claims did not satisfy the two-prong test under Strickland v. Washington, 466 U.S. 668 (1984).

In his instant § 2254 petition, Pannell raises the exact same claims that he raised in his state habeas petition.

## II.

Pannell's complaints about the trial court's instructions are not cognizable on federal habeas because he procedurally defaulted them. Citing Slayton v. Parrigan, 205 S.E.2d 680 (1974), on habeas review, the Supreme Court of Virginia held that Pannell procedurally defaulted his challenges to the trial court's two instructions because he could have raised them at trial and on direct appeal. Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can

2

demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). As Pannell makes no showing excusing his default, the court finds that Pannell has not demonstrated cause. Further, the court finds that Pannell does not allege and has not demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, Pannell's claims regarding the instructions are dismissed as procedurally defaulted.

### III.

This court may not grant relief on any claim that the Supreme Court of Virginia has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's alleged deficient performance, the outcome of his case would have been different. Strickland v. Washington, 466 U.S. 668, 669 (1984). The Supreme Court of Virginia addressed Pannell's claims of ineffective assistance of counsel on the merits and dismissed them, finding that his claims failed to meet the two-prong test under Strickland.

In adjudicating Pannell's claim that counsel was ineffective in failing to object to the challenged instructions or seek a curative instruction, the Supreme Court of Virginia found that

3

based on the record, including the trial transcripts, the comments made by the trial judge were not objectionable. The court applied <u>Strickland</u> and determined that Pannell provided no valid basis upon which counsel could have objected to the trial court's instructions. Accordingly, the court found that Pannell failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for the alleged errors, the result of the proceeding would have been different. The Supreme Court of Virginia also applied <u>Strickland</u> to Pannell's claim that counsel was ineffective in failing to present the issue concerning jury instructions on appeal and found that Pannell failed to demonstrate deficient performance by counsel or prejudice, because "the comments made by the trial judge were neither objectionable nor unconstitutional" and counsel is not ineffective for failing to raise frivolous arguments on appeal.[1] Further, citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983), the court stated that "[t]he selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal."

The court finds that the state court's adjudication of his claim did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; nor did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>See</u> 28 U.S.C. § 2254; <u>Orbe v. True</u>, 233 F. Supp. 2d 749, 767-70 (E.D. Va. 2002). The court, therefore, dismisses Pannell's ineffective assistance claims.

---

[1] Moreover, the court notes that appellate counsel could not have raised his claims regarding the instructions on appeal because the Court of Appeals of Virginia would have found them to be procedurally barred by the contemporaneous objection rule because they were not preserved at trial. Therefore, counsel could not have been ineffective in failing to raise them on appeal and, further, Pannell could not have been prejudiced by counsel's failure to raise them.

4

## IV.

For the reasons stated herein, the court grants respondent's motion to dismiss and dismisses Pannell's § 2254 petition.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

ENTER: This 3rd day of April, 2007.

_____
United States District Judge